Filed 8/22/24  In re P.L. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re P.L., | B330252 |
| a Person Coming Under the Juvenile Court Law. | (Los Angeles County Super. Ct. No. 19CCJP03878D) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. D.P., Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Tara Newman, Judge.  Affirmed.

Jamie A. Moran, by appointment of the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Stephen Watson, Deputy County Counsel, for Plaintiff and Respondent.

## INTRODUCTION

D.P. (father) appeals from the juvenile court's jurisdictional findings and dispositional orders removing his daughter from his custody. We conclude substantial evidence supports the court's orders and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 25, 2023, the Department of Children and Family Services (Department) filed a dependency petition on behalf of P.L., under Welfare and Institutions Code section 300, subdivisions (b)(1), (d), and (j).[1] P.L. was five years old and was living with her mother. P.L. had been a dependent of the court once before.[2] The petition contained four counts.

Counts b-1 and j-1 alleged that P.L.'s mother, S.L. (mother), had "an unresolved history of substance abuse and is a current abuser of amphetamines, methamphetamine, and marijuana." Counts b-2 and d-1 alleged that father is a registered sex offender who was convicted of rape in May 2003. Counts b-1 and b-2 alleged that both parents' conduct put P.L. at risk of serious physical harm or illness, count d-1 alleged that father's conduct put P.L. at risk of sexual abuse, and count j-1 alleged that mother's conduct put P.L. at risk of abuse or neglect.

At the initial hearing, held the day after the Department filed its petition, father did not oppose the detention of P.L. Father did request that she be placed with his mother, and that his visitation rights continue. The court deferred a placement decision and permitted father's visitation as

---

[1]     All future statutory references are to the Welfare and Institutions Code, unless otherwise stated.

[2]     The prior dependency proceeding began in June 2019 and concluded in June 2021, when P.L. was returned to mother.

requested. At the next hearing, in May 2023, the court ordered P.L. temporarily placed with a non-relative.

In June 2023, the trial court made its jurisdictional findings and dispositional orders. The court dismissed count d-1, finding that father's prior conviction did not place P.L. at risk of sexual abuse. However, the court sustained counts b-1 and j-1 against mother and count b-2 against father. The court ordered that P.L. be removed from both parents, and ordered family reunification services for father. Both mother and father were granted monitored visitation.

Father timely appeals.

## DISCUSSION

Father argues that the trial court should have dismissed count b-2, and consequently refrained from entering any removal order as to him, because there was insufficient evidence to show that his conviction for rape in 2003 placed P.L. in danger 20 years later. The Department argues in response that this appeal should be dismissed as non-justiciable, as father does not challenge the trial court's other jurisdictional findings. The Department also contends that the trial court's findings were supported by substantial evidence, and that father has waived any challenge to the removal order. We conclude that the appeal is justiciable and that the trial court's findings on jurisdiction and removal were supported by substantial evidence.

### I. *Justiciability*

"[W]hen a juvenile court's finding forms the basis for an order that continues to impact a parent's rights—for instance, by restricting visitation or custody—that jurisdictional finding remains subject to challenge." (*In re*

3

*D.P.* (2023) 14 Cal.5th 266, 276.)  Further, "where a jurisdictional finding 'serves as the basis for dispositional orders that are also challenged on appeal' [citation], the appeal is not moot."  (*Id.* at p. 283.)  Here, the trial court's sustention of count b-2 formed part of the basis for its order that P.L. be removed from father and that father have limited visitation rights.  The issues raised by father on this appeal are justiciable.

    II.    *Jurisdictional Findings*

    A.    *Governing Law*

Section 300, subdivision (b)(1) authorizes the court to assert dependency jurisdiction if a parent's "failure or inability . . . to adequately supervise or protect the child" leads to or creates a substantial risk of "serious physical harm or illness," or if a parent willfully or negligently fails to protect the child from the actions of a custodian with whom the child has been left, or if a parent is unable "to provide regular care for the child due to . . . mental illness, developmental disability, or substance abuse."  (§ 300, subds. (b)(1)(A), (B), and (D).)

We review the trial court's jurisdictional findings for substantial evidence.  (*In re I.J.* (2013) 56 Cal.4th 766, 773.)  ""'[W]e draw all reasonable inferences from the evidence to support the findings and orders of the dependency court; we review the record in the light most favorable to the court's determinations; and we note that issues of fact and credibility are the province of the trial court.'"''  (*Id.,* quoting *In re Heather A.* (1996) 52 Cal.App.4th 183, 193.)

4

B.     *Analysis*

In sustaining count b-2, the trial court applied a presumption of risk which it found in Family Code section 3030.  Father does not discuss the Family Code presumption in his opening brief, instead offering arguments about a presumption contained in section 355.1.  The Department correctly contends that father's discussion of section 355.1 is irrelevant because the trial court did not apply that section.  However, the Department also concedes that the court erred in applying Family Code section 3030, because that statute is limited to narrow circumstances which do not include dependency proceedings.  (Fam. Code, § 3021.)  The Department then argues that father has waived the error by failing to argue Family Code section 3030 in his opening brief.

The error has not been waived.  Father's opening brief clearly identified the presumption of risk as an issue and the Department has had "a full and fair opportunity to respond."  (*Golden Door Properties, LLC v. County of San Diego* (2020) 50 Cal.App.5th 467, 555; see also *Nelsen v. Legacy Partners Residential, Inc.* (2012) 207 Cal.App.4th 1115, 1122.)

The Department also argues that the trial court's decision is supported by the evidence even in the absence of any presumption.  We agree.  Father was convicted of forcible rape in 2003; the victim was a minor.  In his interview with the Department, father denied all wrongdoing or responsibility.  There is also evidence that father sexually abused a minor in 2006, physically abused his then-partner and son (P.L.'s half-sibling) in 2012, and had previously failed to comply with court reunification orders for P.L.  Father's denial of responsibility, and the evidence of continued incidents over the intervening years, are sufficient to support the court's conclusion that there would be a substantial risk of harm to P.L. if she were left in father's

5

care. (See *In re A.F.* (2016) 3 Cal.App.5th 283, 293 [courts may consider denial and continuing conduct in determining whether a parent's behavior is likely to change in the future].)

III. *Removal*

A. *Governing Law*

Section 361, subdivision (d) provides that a child shall not be taken from the custody of a parent "with whom the child did not reside at the time the petition was initiated, unless the juvenile court finds clear and convincing evidence that there would be a substantial danger to the physical health, safety, protection, or physical or emotional well-being of the child." "'[T]he question before the appellate court is whether the record as a whole contains substantial evidence from which a reasonable fact finder could have found it highly probable that the fact was true.'" (*In re M.V.* (2022) 78 Cal.App.5th 944, 960 (*M.V.*).)

B. *Analysis*

The Department asserts that father forfeited his right to challenge the removal order by submitting to the placement of P.L. with someone else. There is no forfeiture here. A party forfeits their right to appeal a juvenile court's order if the party expressly submits to the Department's recommendation, and the court adopts that recommendation. (*In re N.S.* (2002) 97 Cal.App.4th 167, 170–171.) Here, father never expressly submitted to the recommendation, first contesting the findings, then arguing for a different placement.

Father argues that the removal order is not supported by substantial evidence because his rape conviction was 20 years old and he had served his

6

sentence, completed his parole, and completed classes on parenting and sexual abuse. As already discussed, this is an incomplete picture of the evidence before the court. Given the record of father's denial, the evidence of subsequent instances of abuse, and recent refusal to comply with court orders in P.L.'s previous dependency proceeding, the trial court reasonably found it highly probable that removal was necessary to protect P.L.'s physical or emotional health. (See *M.V., supra,* 78 Cal.App.5th at p. 960.)

Additionally, father argues that the removal order was "superfluous" because father had been deprived of physical custody in P.L.'s previous dependency proceeding, retaining only joint legal custody. However, father neither explains what legal impact the previous dependency ruling should have nor offers an alternative method of proceeding.[3] "[E]rror must be affirmatively shown," and father cites no authority which suggests that the trial court could or should have acted in any other manner. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

//

//

//

//

//

//

---

[3] There is a split of authority on whether a prior removal order completely disposes of a noncustodial parent's right to custody in subsequent cases, or is simply one more piece of evidence for the court to consider in deciding on placement. (See *In re D'Anthony D.* (2014) 230 Cal.App.4th 292, 298–301.)

**DISPOSITION**

The juvenile court's jurisdictional findings and dispositional orders are affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

WE CONCUR:


CURREY, P. J.


COLLINS, J.